IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| CONNIE FRALICK f/k/a CONNIE SMITH, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11-CV-3341 ) |
| COUNTY OF DEWITT and SHERIFF JERED SHOFNER, | ) ) ) ) |
| Defendants. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Connie Fralick's Motion to Strike Defendant Sheriff Shofner's Affirmative Defenses No(s) 1 and 4 (d/e 11) ( Fralick Motion), and Defendant Sheriff Shofner's Motion for Leave to Amend Affirmative Defenses Nos. 1 & 4, *Instanter* (d/e 14) (Shofner Motion). For the reasons set forth below, the Fralick Motion is ALLOWED in part and DENIED in part, and the Shofner Motion is ALLOWED.

Fralick has alleged a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. Complaint (d/e 1). Defendant Shofner answered and raised five affirmative defenses. Defendant Sheriff Shofner's Answer and Affirmative Defenses to Plaintiff's Complaint (d/e 10) (Answer).

Affirmative Defense Number 1 states:

> 1. Plaintiff's Complaint fails to state an actionable claim upon which relief may be granted.

Answer, at 6.  Affirmative Defense Number 4 states:

> 4. Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of unclean hands, estoppel, and/or after-acquired evidence.

Answer, at 7.  Fralick moves to strike these two defenses.  Shofner asks the Court to deny the Fralick Motion, or in the alternative, to grant him leave to replead.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  As a general rule, motions to strike are disfavored because such motions often serve only to delay proceedings.  See Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989), citing United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975).  The Court, thus, is generally reluctant to allow requests to strike.  The Court is particularly reluctant to strike affirmative defenses because the assertion of an affirmative defense does not prejudice a plaintiff.  A plaintiff is not required to file a responsive

pleading and is deemed to have denied all allegations in any affirmative defense.  Fed. R. Civ. P. 7(a) and 8(b)(6).

Fralick moves to strike Shofner's Affirmative Defense Number 1 because she argues that the assertion that Fralick fails to state a claim is not an affirmative defense.  An affirmative defense generally assumes the complaint is true and asserts some other reason why the defendant is not liable.  See Lexington Ins. Co. v. Titan Intern., Inc., 2008 WL 687384, at *1 (C.D. Ill. 2008).  Failure to state a claim, however, is a recognized defense under Rule 12(b).  Fed. R. Civ. P. 12(b)(6); Lexington Ins. Co., 2008 WL 687384, at *1.  Fralick, further, is not prejudiced because she is not obligated to respond unless Shofner files a motion to dismiss or for judgment on the pleadings.  See Fed. R. Civ. P. 12(b)(6) and 12(c); Lexington Ins. Co., 2008 WL 687384, at *1.  The Court, therefore, denies this part of the Fralick Motion.

Fralick moves to strike Affirmative Defense Number 4 because the defense lacks sufficient factual allegations to give notice of the basis for the defense.  Affirmative defenses are subject to the pleading requirements of Rule 8(a).  Lexington Ins. Co., 2008 WL 687384, at *1.  Shofner, thus, must give a short plain statement of the defense that give Fralick notice of the basis for the defense.  Id.; Fed. R. Civ. P. 8(a).  Affirmative Defense Number 4, quoted above, lacks any factual detail.  Shofner should allege a

brief factual summary to give Fralick notice of the basis for the defense. The Court, therefore, allows this portion of the Fralick Motion, but gives Shofner leave to replead Affirmative Defense Number 4.

WHEREFORE, Plaintiff Connie Fralick's Motion to Strike Defendant Sheriff Shofner's Affirmative Defenses No(s) 1 and 4 (d/e 11) is ALLOWED in part and DENIED in part; and Defendant Sheriff Shofner's Motion for Leave to Amend Affirmative Defenses Nos. 1 & 4, *Instanter* (d/e 14) is ALLOWED.  The Court denies the request to strike Affirmative Defense Number 1.  The Court strikes Defendant Shofner's Affirmative Defense Number 4, with leave to replead.  Defendant Shofner is directed to file an amended answer and affirmative defenses by November 30, 2011.

ENTER:    November 10, 2011

        s/ Byron G. Cudmore        
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE